## MARTIN v. BURGESS.

NONSUIT—TRESPASS—DAMAGES—TITLE.—Proof by plaintiff tending to show that he had been in possession of land for more than ten years, and that both parties claim from a common source, is sufficient to prevent nonsuit in action for damages for tortious eviction and trespass.

Before BENET, J., Anderson, March term, 1901. Reversed.

Action by A. F. Martin against Elizabeth Burgess. From order of nonsuit, plaintiff appeals.

*Messrs. Carey, McCullough & Martin,* for appellant. *Mr. Martin* cites: *Other grounds for sustaining nonsuit cannot be considered:* Cir. Ct. Rules V. and XVIII.; 20 S. C., 114; 53 S. C., 220; 53 S. C., 132; 54 S. C., 205. *Nonsuit improper, there being some evidence of title by common source:* 53 S. C., 220; 48 S. C., 243. *Title by adverse possession:* 50 S. C., 297-8, and cases cited there. *Presumption of deed in this case from transaction proved:* Abb. Tr. Ev., 898, and cases there cited. *Plaintiff tortiously evicted by defendant; hence, ordinary rule as to recovery on strength of title does not apply:* 17 A. & E. Enc. L. (1 ed.), 289; 15 S. C., 272-3. *Not necessary to prove title here; possession sufficient:* 15 S. C., 271-2; 60 S. C., 401.

*Messrs. Tribble & Prince,* contra. *Mr. Tribble* cites: *To maintain trespass, claure clausum fregit, plaintiff must have actual or constructive possession of the land:* 4 Rich., 104; 1 Dud., 340; 32 S. C., 291. *As to admissions:* 1 Ency. L. & Prac., 1033; 2 Speer, 291; 22 L. R. A., 297. *When*

*title is claimed by adverse possession it must be clearly
proved:* 53 S. C., 216; 2 McC., 260. *As to tort by another
than defendant:* 39 S. C. (Henderson *v.* Wendler).

April 11, 1902. The opinion of the Court was delivered
by

MR. JUSTICE JONES. This action was brought for dam-
ages for tortious eviction and continuing trespass, and for
recovery of possession of a small strip of land. At the con-
clusion of plaintiff's testimony, a motion for a nonsuit was
made and granted upon the grounds that there was no evi-
dence of title to the land in dispute in the plaintiff, by proof
of deeds back to the grant or by proof of exclusive posses-
sion for twenty years in the plaintiff and those under whom
he claims so as to presume a grant, and also that the evi-
dence of possession for ten years does not give title, but is a
mere matter upon which to base a plea of the statute of limi-
tations.

The appeal questions the correctness of the nonsuit. We
think the nonsuit was improperly granted. It is settled in
this State that one who holds land adversely for ten years
acquires a good title, which may be affirmatively asserted
against one not protected by some disability. *Harrelson* v.
*Sarvis,* 39 S. C., 14; *Busby* v. *R. R.,* 45 S. C., 312; *Cave* v.
*Anderson,* 50 S. C., 297. It is also well established that in
an action to recover real estate, the plaintiff need not show a
perfect claim of title back to a grant, if it appears that both
parties claim from a common source. *Geiger* v. *Kaigler,* 15
S. C., 269. There was evidence in this case tending to show
that plaintiff and defendant both claimed the land in dispute
under a common source, John C. Rogers. This appears by
the pleadings, the admission of defendant's counsel on the
trial that the defendant claimed under John Rogers, and the
testimony of one of the plaintiff's witnesses that defendant
told him that John C. Rogers had given the land to her in
1894. There was testimony tending to show that about
eighteen years before the trial, John C. Rogers owned the

land in dispute, and that plaintiff then went into possession thereof under an agreement and arbitration between plaintiff and John C. Rogers, whereby plaintiff became the owner, and that plaintiff fenced in the disputed land as a pasture and so used it for at least ten years exclusively as his own. This was sufficient to warrant sending the case to the jury.

The judgment of the Circuit Court is reversed, and the case remanded for a new trial.